**UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

|                                      |     |           |
|--------------------------------------|-----|-----------|
| ALLSTATE INSURANCE COMPANY,          | :   |           |
|                                      | :   |           |
| Plaintiff,                           | :   | Case No.  |
|                                      | :   |           |
| v.                                   | :   |           |
|                                      | :   |           |
| JENNIFER GANDARA,                    | :   |           |
|                                      | :   |           |
| Defendant.                           | :   |           |
|                                      | :   |           |
|                                      | :   |           |

---------------------------------------------------------- x

<u>VERIFIED COMPLAINT FOR INJUNCTIVE AND
OTHER RELIEF</u>

Plaintiff Allstate Insurance Company ("Allstate"), by and through its undersigned attorneys, alleges as follows for its Complaint against Defendant Jennifer Gandara ("Gandara"):

<u>NATURE OF THE ACTION</u>

1.       This action is the result of Gandara failing to comply with certain promises she made and obligations she owes to Allstate. Specifically, Gandara executed an Allstate "Confidentiality and Non-Competition Agreement" ("Agreement") with Allstate and Allstate Exclusive Agent John Choi ("EA Choi") on August 17, 2007 (attached as Exhibit A). The Agreement allowed Gandara to sell, and receive monies from the sale of, Allstate products and services (jointly, "products").

2.       Under the Agreement, Gandara agreed that, for one year following the termination of her relationship with Allstate, she would not solicit Allstate customers that she sold Allstate products to and who were Allstate customers at the time the Agreement terminated.

3.      Gandara also agreed to not solicit, for one year after the Agreement terminated, Allstate customers that a) Gandara learned about as a result of her working for EA Choi or from Allstate confidential information she received while working for EA Choi and b) were Allstate customers at the time the Agreement terminated.

4.      Lastly, Gandara agreed to not sell products that compete with Allstate products from any office or business site located within one mile of EA Choi's Allstate Agency location ("Allstate Agency location") for one year after her Agreement terminated.

5.      The Agreement further required Gandara to acknowledge that she would be granted access to Allstate confidential information, that Allstate confidential information is the property of Allstate, and that she would not disclose to any third party or permit any third party to access Allstate confidential information.

6.      Lastly, Gandara agreed to return all Allstate property, including Allstate confidential information, upon termination of her relationship with Allstate.

7.      Gandara's Agreement and her relationship with Allstate terminated on October 7, 2022.

8.      Since at least December of 2022, Gandara has been soliciting Allstate customers to leave Allstate for Gandara and her new insurance agency.  Just as disturbing, Gandara is operating a competing insurance agency out of the same location as her former Allstate Agency location.

9.      In doing so, Gandara is soliciting Allstate customers to terminate their relationship with Allstate and purchase competing insurance products.  Given the large number of Allstate customer solicitations by Gandara, Gandara is likely using Allstate confidential information to solicit Allstate customers and compete with Allstate out of her former Allstate

Agency location.

10.    Gandara's actions are a clear violation of the Agreement and common law. Consequently, Allstate now brings suit against Gandara for breach of the Agreement, misappropriation of trade secrets, and tortious interference.

11.    In doing so, Allstate requests that this Court enter an order enjoining Gandara from continuing her knowing and intentional breach of her Agreement, and award Allstate compensatory and punitive damages for Gandara's intentional and illegal acts.  Allstate also requests that the Court award Allstate its attorneys' fees pursuant to the terms of the Agreement and the law.

12.    More specifically, Allstate requests that this Court enter an order: (1) enjoining Gandara, and anyone acting in concert with her, from soliciting Allstate customers; (2) enjoining Gandara, and anyone acting in concert with her, from selling products that compete with Allstate products from within one mile of her former Allstate Agency location; (3) compelling Gandara to return to Allstate all Allstate property, including all Allstate confidential information, in her custody, possession or control; (4) awarding Allstate compensatory and punitive damages for Gandara's intentional and illegal acts; and (5) awarding Allstate its reasonable attorneys' fees as provided for under the Agreement and applicable law.

## <u>THE PARTIES AND RELEVANT PERSONS</u>

13.    Allstate Insurance Company ("Allstate") is an Illinois corporation with its principal place of business located in Northbrook, Illinois.

14.    Jennifer Gandara ("Gandara") is a citizen of the State of Texas and, based upon information and belief, resides at 1501 John Macguire Place in El Paso, Texas.

## JURISDICTION AND VENUE

15.     This Court has subject matter jurisdiction over this dispute, pursuant to 28 U.S.C.

§ 1331, because Allstate's claims against Gandara under the Federal Defend Trade Secrets Act,

18 U.S.C. § 1833, *et seq.*, raise a Federal question.  Allstate's remaining claims fall within the

Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, because the claims are so

related to the Federal question that they form part of the same case or controversy.

16.     Alternatively, this Court has diversity jurisdiction, pursuant to 28 U.S.C. §

1332(a), because this action and controversy is between citizens of different states and exceeds

the value of $75,000, exclusive of interest and costs.

17.     This Court has personal jurisdiction over Gandara because she is a citizen and

resident of Texas.  Venue is proper in the United States District Court for the Western District of

Texas, pursuant to 28 U.S.C. § 1391(b), because Gandara resides in this District, the property

Allstate seeks to be returned is located in this District, and a substantial part of the events giving

rise to Allstate's claims occurred in this District.

## BACKGROUND

### Allstate's Business and Hiring of Independent Agents

18.     Allstate is one of the nation's leading providers of insurance products to

individuals and businesses.  Among other things, Allstate provides automobile insurance, and

property and casualty insurance, to individuals and businesses.

19.     In addition to providing these products directly, Allstate appoints independent

exclusive agents ("Exclusive Agents"), through its Exclusive Agency Program, to sell Allstate

products.

20.     Allstate rigorously screens its Exclusive Agents to ensure that the agents are

qualified to represent and sell Allstate products, have the proper tools and facilities to analyze and meet customer needs, and can furnish customers with appropriate insurance solutions.

21.     Allstate Exclusive Agents hire employees to assist them with the selling of Allstate products.  These employees, known as Licensed Service Providers ("LSPs"), are only permitted access to Allstate confidential information and allowed to sell Allstate products after they sign an agreement with Allstate and the Exclusive Agent stating that the LSP will, among other things, a) keep Allstate confidential information confidential and b) agree to certain post-employment restrictive covenants.  Neither the Exclusive Agents, nor the LSPs, have access to Allstate confidential information or Allstate customers until they sign their respective agreements with Allstate.

22.     Allstate expends substantial resources advertising, marketing and promoting its products.  The Exclusive Agents and LSPs benefit, directly and indirectly, from Allstate's advertising, marketing and promotional efforts, as well as from Allstate's goodwill, reputation and name recognition.  These efforts and expenditures allow the Exclusive Agents and LSPs to develop and cultivate customer accounts and relationships on behalf of Allstate.

23.     Allstate relies heavily upon repeat business and renewal of policies to maintain its competitive advantage in the highly competitive insurance industry.  Maintaining goodwill and a solid business reputation with its customers is a critical component of Allstate's success.  Indeed, because Allstate's business is a service business, the relationship that each Exclusive Agent and LSP has with Allstate customers is highly dependent on the attention and excellent service given to the customers on an ongoing basis, and the continued trust the customers place in Allstate as a leading provider of such services.

**Protection of Allstate Confidential Information**

24.     Allstate and its customers entrust the Exclusive Agents and LSPs to safeguard and protect Allstate confidential information, which includes information relating to, among other things, a customer's personal data, date of birth, social security numbers, types of policies, amount of insurance, premium amounts, description and location of assets and property, claims histories, insurance needs, pricing information, and other insurance coverage information, from unauthorized use or disclosure.

25.     Allstate protects its information (described in paragraph 24) by, among other things: limiting the disclosure and use of this information to only the Exclusive Agent and LSP who needs this information to sell Allstate products; educating the Exclusive Agent and LSP about the requirement and necessity of keeping this information confidential; restricting access to this information by restricting access to computer networks and requiring the use of passwords to access the information; and, as discussed below, requiring the Exclusive Agent and LSP to execute written agreements that protect against the misuse and improper disclosure of Allstate confidential information.

26.     Consequently, all Exclusive Agents and LSPs, pursuant to their agreements with Allstate and while performing services under their agreements, acknowledge that they will have access to Allstate confidential information, promise to not disclose Allstate confidential information to anyone not authorized to receive it, and confirm that they will not use Allstate confidential information for their own benefit or for any improper purpose.

27.     Exclusive Agents and LSPs agree, upon termination of their relationship with Allstate, to continue treating Allstate confidential information as confidential, not disclose (either directly or indirectly) Allstate confidential information to any third party, and immediately return

all Allstate confidential information to Allstate.

28.    Hence, Allstate's confidential and proprietary information is not available to the general public and is closely guarded by Allstate.  Allstate keeps such information strictly confidential in order to protect its customers' privacy and to maintain a competitive advantage in the highly competitive insurance business.  Not surprisingly then, Exclusive Agents and LSPs do not have access to Allstate confidential information before becoming affiliated with Allstate and only have access to Allstate confidential information because of their affiliation with Allstate and their promises to keep Allstate confidential information confidential.

### Gandara Enters into Her Agreement to Solicit and Sell Allstate Products

29.    Gandara was hired by EA Choi on or about August 17, 2007 to sell Allstate products from EA Choi's Allstate Agency location, 8500 Dyer Street in El Paso, Texas.

30.    Before Gandara could sell Allstate products, Gandara had to sign, and did in fact sign, the Agreement. (See Agreement, Ex. A).

31.    Under the Agreement, Gandara acknowledged that the following information is Allstate "confidential information" and property:

> business plans of [Allstate]; information regarding the names, addresses, and ages of policyholders; types of policies; amounts of insurance; premium amounts; the description and location of insured property; the expiration or renewal dates of policies; policyholder listings and any policyholder information subject to any privacy law; claim information; certain information and material identified by [Allstate] as confidential or information considered a trade secret as provided herein or by law; and any information concerning any matters affecting or relating to the pursuits of [Allstate] that is not otherwise lawfully available to the public. All such confidential information is wholly owned by [Allstate]. Such confidential information may be used by Agency only for the purposes of carrying out the provisions of this Agreement.

(Agreement, § 3.)

32.    Pursuant to Section 4 of the Agreement, Gandara agreed that she  would not, at

any time or in any manner, directly or indirectly, use Allstate confidential information for any purpose other than to carry out the provisions of the Agreement. (Agreement, § 4.)

33.     Pursuant to Section 5 of the Agreement, Gandara acknowledged that all confidential information she was provided and had access to would at all times remain Allstate property and was to be returned to Allstate upon termination of her Agreement and relationship with Allstate. (Agreement, § 5.)

34.     Pursuant to Section 7 of the Agreement, Gandara agreed that, for a period of one year following termination of the Agreement, she would not solicit the purchase of products competitive with those sold by Allstate:

- With respect to any person, company, or organization to whom [EA Choi] or any person employed by [EA Choi], including [Gandara], sold insurance or other products or services on behalf of [Allstate] and who is a customer of [Allstate] at the time of termination of the Agreement;

- With respect to any person, company, or organization who is a customer of [Allstate] at the time of termination of this Agreement and whose identity was discovered as a result of [Gandara's] access to confidential information of [Allstate][1]; or

- From any office or business site located within one mile of her former [Allstate Agency location]. (Agreement, § 7(1-3).)

35.     Gandara recognized that a breach of any of the provisions in her Agreement would "cause irreparable damage to [Allstate's] business and that such damage will be difficult or impossible to measure." (Agreement, § 10.)

36.     Accordingly, Gandara agreed that if she breached any of the duties and obligations she owed Allstate under the Agreement, then Allstate would be "entitled to an order granting injunctive relief from any court of competent jurisdiction," in addition to other rights and remedies. (*Id.*)

---

[1] The Allstate customers identified in paragraph 34 are collectively referred to as "Allstate customers."

37.     Gandara also agreed that Allstate would be "entitled to an award of reasonable attorneys' fees in the event that [Allstate] is successful in an application for injunctive relief or in an action based upon the breach" of any of the terms set forth in the Agreement.  (*Id*.)

<u>**Gandara Breaches the Agreement**</u>

38.     Gandara's Agreement and her relationship with EA Choi and Allstate terminated on October 7, 2022.

39.     By terminating the Agreement on October 7, 2022, Gandara promised to, among other things: (a) immediately return all Allstate confidential information and property to Allstate; and (b) not solicit Allstate customers until after October 7, 2023.  (Agreement, §§ 3, 4, 5 and 7.)

40.     She also agreed not to sell products that compete with Allstate products within one mile of her former Allstate Agency location until after October 7, 2023.

41.     After termination of the Agreement, however, Gandara decided to open a competing insurance agency and sell products that compete with Allstate **out of her former Allstate Agency location**.

42.     She also began contacting and soliciting Allstate customers to leave Allstate and, instead, purchase products from Gandara.

43.     More specifically, Gandara called (and is calling) Allstate customers, told them that she was with a new insurance agency and knew that they were an Allstate customer, and then solicited the customers to leave Allstate and, instead, purchase products from Gandara.

44.     In addition, and based upon information and belief, Gandara is also soliciting Allstate customers who come to her former Allstate Agency location to leave Allstate and, instead, purchase products from Gandara.

45.     Not surprisingly then, Allstate agencies in the local market have received several

cancellation requests from Allstate customers that were formerly serviced by Gandara when she was affiliated with Allstate.

46.     Just as important and disturbing, the large number of solicitations by Gandara, as well as Gandara's comments that she "knows" the customer is an Allstate customer, indicates that Gandara kept Allstate confidential information after her relationship with Allstate terminated and is now using Allstate confidential information to solicit Allstate customers.

47.     After learning in December 2022 that Gandara was soliciting Allstate customers and operating a competing insurance agency out of her former Allstate Agency location, on or around December 9, 2022, Allstate sent correspondence to Gandara demanding that Gandara immediately cease soliciting Allstate customers and stop selling products that compete with Allstate from her former Allstate Agency location.  Allstate also demanded the immediate return of all Allstate confidential information and property.  (A copy of the December 9, 2022 letter is attached as Exhibit B.)

48.     Gandara's solicitation activity initially ceased for a short period of time after Allstate sent the December 9th letter.

49.     Unfortunately, Gandara subsequently resumed her solicitation of Allstate customers and chose to remain in her former Allstate Agency location selling products that compete with Allstate products.

50.     As a result, Allstate sent a second correspondence, on February 2, 2023, to Gandara demanding that Gandara immediately cease soliciting Allstate customers and stop selling products that compete with Allstate out of her former Allstate Agency location.  Allstate's second correspondence also demanded the immediate return of all Allstate confidential information and property.  (A copy of the February 2, 2023 letter is attached as Exhibit C.)

51.     Unfortunately, Gandara did not stop soliciting Allstate customers after February 2, 2023.  She also refused to stop selling products that compete with Allstate out of her former Allstate Agency location.

52.     Nor did Gandara return Allstate confidential information after February 2, 2023.

53.     Instead, Gandara continued (and continues) to solicit Allstate customers and, based upon information and belief, is using Allstate confidential information in her solicitation of Allstate customers.

54.     Gandara also continued (and continues) selling products that compete with Allstate out of her former Allstate Agency location.

55.     Accordingly, Gandara refuses to honor the duties and obligations she owes Allstate under the Agreement and the law by, among other things, continuing to use Allstate confidential information to solicit Allstate customers, continuing to solicit Allstate customers, and selling products that compete with Allstate out of her former Allstate Agency location.

56.     As a consequence of Gandara's refusal to honor the duties and obligations she owes Allstate, Allstate continues to experience customer losses and the misuse of Allstate confidential information.

### Irreparable Harm to Allstate

57.     Gandara is harming Allstate's legitimate business interests, including its goodwill and customer relationships, by soliciting Allstate customers and offering insurance products competitive to those offered by Allstate from a location within one mile of her former Allstate Agency location.

58.     For example, many existing Allstate customers of Gandara's former Allstate Agency that were serviced or communicated with Gandara may pass directly by, or come into,

the Allstate Agency location and see Gandara.   Gandara can then solicit the Allstate customers to leave Allstate and become customers of her new insurance agency (i.e. an Allstate competitor).

59.     Consequently, it is both probable and imminent that an existing or prospective customer may purchase insurance products from Gandara instead of from Allstate.

60.     Furthermore, Gandara is still in possession of Allstate confidential information and the only reason for Gandara to possess Allstate confidential information is to use Allstate confidential information on behalf of herself and her new insurance agency.

61.     Allstate confidential information and goodwill are therefore also at risk because Gandara is unfairly competing with Allstate by using Allstate confidential information to solicit Allstate customers.

62.     Accordingly, injury to Allstate is therefore both probable and imminent because Gandara clearly intends to continue violating her Agreement and the law.

63.     Put another way, Allstate is suffering irreparable harm which may not be adequately rectified or compensated by money damages.

64.     Injunctive relief is therefore necessary and appropriate to prevent further damage to Allstate.

## COUNT I
### (Breach of Contract)

65.     Allstate repeats and realleges each and every allegation contained in paragraphs 1 through 64 of the Complaint, as if fully set forth herein.

66.     On August 17, 2007, Gandara entered into her Agreement with Allstate.  (Ex. A).

67.     The Agreement is a valid and enforceable contract.

68.     Under the Agreement, Gandara promised, for a period of one year following the termination of the Agreement, to not sell products competitive with Allstate products from within one mile of her former Allstate Agency location.

69.     Under the Agreement, Gandara promised, for a period of one year following the termination of the Agreement, to not solicit any Allstate customer.

70.     Under the Agreement, Gandara promised, upon termination of the Agreement, to immediately return all property belonging to Allstate.

71.     Gandara further promised to not use Allstate confidential information for any purpose other than carrying out the provisions of the Agreement.

72.     The post-termination covenants found in the Agreement are reasonable in scope and duration, and are necessary to protect Allstate's legitimate business interests in its confidential information, goodwill, and longstanding customer relationships.

73.     Allstate has performed all of the duties and obligations it owes Gandara under the Agreement.

74.     Gandara breached her Agreement, and continues to breach her Agreement, by, among other things, misusing Allstate confidential information to solicit Allstate customers, soliciting Allstate customers, refusing to return Allstate confidential information to Allstate, and selling products that compete with Allstate products out of her former Allstate Agency location.

75.     Allstate has incurred significant damages as a result of Gandara's breach of the Agreement. Gandara's illegal solicitations and actions have caused Allstate to lose customers and potential customers. Gandara's illegal solicitations and actions have also damaged Allstate's goodwill, reputation, and legitimate business interests. Allstate's damages are in excess of

$75,000.00.

76.     Moreover, Gandara's breaches of the Agreement are continuing.  Allstate is therefore subject to continuing irreparable harm, economic injury, and damage to its goodwill and business reputation.

77.     Allstate has no adequate remedy at law and, unless injunctive relief is granted, Allstate will continue to be irreparably harmed by Gandara's breach of her Agreement in a manner that is not fully compensable by money damages.

78.     Allstate therefore requests that this Court grant injunctive relief against Gandara that prohibits Gandara from a) using Allstate confidential information, b) soliciting Allstate customers, and c) selling products that compete with Allstate from her former Allstate Agency location.

79.     Allstate further requests that this Court order Gandara to immediately return to Allstate all Allstate confidential information and property in the custody, possession, or control of Gandara.

80.     Finally, and pursuant to Section 10 of the Agreement, Allstate is entitled to recover the attorneys' fees and costs Allstate incurs as a result of Gandara's breaches of the Agreement.

## COUNT II
### (Misappropriation of Trade Secrets – Texas Trade Secrets Act)

81.     Allstate repeats and re-alleges each and every allegation contained in paragraphs 1 through 80 of the Complaint, as if fully set forth herein.

82.     During the course of her relationship with Allstate, Gandara was exposed to substantial amounts of Allstate confidential information.

14

83.     For instance, Gandara had access to: Allstate business plans; information regarding the names, addresses, and ages of policyholders or prospective policyholders of Allstate; types of policies; amounts of insurance; premium amounts; the description and location of insured property; the expiration or renewal dates of policies; policyholder listings; policyholder information that is subject to privacy law; and claim information.

84.     The information identified in paragraphs 24, 31 and 83 is not available to the general public and is closely guarded by Allstate.  Allstate keeps such information strictly confidential in order to protect its customers' privacy and to maintain an advantage in the highly competitive insurance business.

85.     This information is considered a trade secret under the Texas Uniform Trade Secrets Act ("TTSA"), Tex. Civ. Prac. & Rem. Code Ann. § 134A.001, et. seq., because Allstate derives independent economic value from this information not being generally known to the public, the information is not readily ascertainable by proper means by persons who could obtain economic value from its disclosure or use, and the information is the subject of reasonable efforts to maintain its secrecy.

86.     The economic value of the Allstate trade secrets/confidential information Gandara had access to under the Agreement is over $500,000.

87.     Under the TTSA, "actual or threatened misappropriation [of trade secrets] may be enjoined."  Tex. Civ. Prac. & Rem. Code Ann. § 134A.003 (West).

88.     Gandara is misappropriating Allstate trade secrets by refusing to return Allstate property, including Allstate confidential information, and using that information to solicit Allstate customers.

89.     Upon information and belief, Gandara's refusal to return Allstate property,

including Allstate confidential information, constitutes the "threatened" misuse of Allstate trade secrets and injunctive relief is therefore appropriate.

90.   Accordingly, Allstate requests that this Court enter an order enjoining Gandara from using any Allstate confidential information, and from disclosing Allstate confidential information to anyone not authorized to receive the confidential information.

91.   Allstate also requests that this Court enter an order requiring Gandara to return any and all Allstate confidential information to Allstate, as she is required to do pursuant to the Agreement and the TTSA.

92.   In addition, Gandara's actions have damaged Allstate's goodwill, reputation, and legitimate business interests.

93.   Allstate is therefore entitled to compensatory and exemplary damages in an amount to be proven at trial, as well as reasonable attorneys' fees.

94.   Finally, Gandara's misappropriation of Allstate's trade secrets was willful and malicious.

95.   Allstate therefore also  requests an award of compensatory damages, exemplary damages, and reasonable attorneys' fees as a result of Gandara's willful and malicious misappropriation of Allstate trade secrets.

## Count III
### (Violation of Federal Defend Trade Secrets Act)

96.   Allstate repeats and realleges paragraphs 1 through 95 of the Complaint, as if fully set forth herein.

97.   During the course of her relationship with Allstate, Gandara was provided access to substantial amounts of Allstate confidential information, including the confidential

information identified in paragraphs 24, 31 and 83.

98.     Allstate confidential information is not available to the general public and is closely guarded by Allstate. Allstate keeps such information strictly confidential in order to maintain a competitive advantage over competitors.

99.     Allstate confidential information is considered a trade secret under the Defend Trade Secrets Act, 18 U.S.C. § 1833, *et seq.* ("DTSA"), because the information is not generally known outside of Allstate's business, the information is not generally known by employees and others involved in Allstate's business, Allstate has taken reasonable measures to guard the secrecy of the information, the information is of great value to Allstate and its competitors, Allstate invested significant amounts of time and money in developing the information, the information cannot easily be acquired or duplicated by others, and because Allstate continuously uses the information in its business.

100.    Gandara was under a contractual obligation to return Allstate confidential information to Allstate immediately upon termination of her Agreement.

101.    Gandara, however, ignored (and continues to ignore) her contractual obligations by maintaining possession of Allstate confidential information, using that confidential information to unfairly compete with Allstate, and passing that confidential information along to third parties who are not authorized to receive, possess, or access Allstate confidential information.

102.    Unless restrained, Gandara will continue to use, divulge, disclose, acquire and/or otherwise misappropriate Allstate confidential information.

103.    Furthermore, actual or threatened misappropriation of confidential information may be enjoined under the DTSA.

104.    It is axiomatic that if Gandara is actively using Allstate confidential information and ignoring the terms of the Agreement, then Gandara has no intention of complying with the DTSA.

105.    Consequently, Gandara's actions constitute the actual and/or threatened misuse of Allstate confidential information.  Injunctive relief against Gandara is therefore appropriate.

106.    Naturally then, Allstate requests an order enjoining Gandara from using Allstate confidential information and from disclosing Allstate confidential information to anyone not authorized to receive the confidential information.

107.    Allstate further requests an order requiring Gandara to return any and all Allstate confidential information to Allstate.

108.    Finally, Gandara's misappropriation of Allstate confidential information has been willful and malicious, and Allstate has incurred significant damages as a result of Gandara's misappropriation.

109.    Gandara's actions have also damaged Allstate's good will, reputation, and legitimate business interests.

110.    Allstate is therefore entitled to recover not only compensatory damages, but also punitive damages and attorneys' fees resulting from Gandara's wrongfully misappropriation of Allstate confidential information.

## <u>COUNT III</u>
### (Tortious Interference)

111.    Allstate repeats and realleges each and every allegation contained in paragraphs 1 through 110 of the Complaint, as if fully set forth herein.

112.    Gandara was and is aware of the contractual relationship between Allstate and

Allstate's customers, as well as Allstate's expectancy in developing relationships with potential customers.

113.    Gandara knew and understood that Allstate's contractual relationship with its customers would continue after Gandara's Agreement terminated.

114.    Pursuant to her Agreement, Gandara was obligated not to solicit or otherwise interfere with Allstate's customer relationships for a period of one year after the termination of her Agreement.

115.    Nevertheless, Gandara solicited Allstate customers after her Agreement terminated in order to have Allstate customers terminate their relationships with Allstate.

116.    Hence, Gandara knowingly, intentionally, willfully, and maliciously interfered with Allstate's customer relationships within a year from her termination.

117.    Gandara's conduct was not privileged or justified.

118.    Allstate has incurred significant damages as a result of Gandara's interference with Allstate's contractual relationships.  Allstate has suffered the loss of customers and potential customers.  Gandara's actions have also damaged Allstate's goodwill, reputation, and legitimate business interests.

119.    As a direct and proximate result of Gandara's tortious interference, Allstate has been damaged in an amount to be determined at trial, and is entitled to the recovery of punitive damages as well.

**WHEREFORE**, Plaintiff Allstate Insurance Company respectfully requests that this Court:

1.    Enter an injunction enjoining and restraining Jennifer Gandara, and her agents,

19

representatives, associates, employees, and all those acting in concert or participation with her, from:

> (a)  soliciting Allstate customers that Gandara sold Allstate products to and/or Gandara possessed confidential information about, and who were Allstate customers at the time her Agreement terminated;

> (b)  using any Allstate confidential information for her own benefit and from disclosing Allstate confidential information to anyone not authorized to receive the information; and

> (c)  selling products that compete with Allstate products from within one mile of her former Allstate Agency location.

2.      Enter an order requiring Gandara to return all Allstate confidential information in her possession, custody or control to Allstate;

3.      Enter judgment against Gandara for compensatory damages in an amount to be determined at trial;

4.      Enter judgment against Gandara for punitive damages in an amount to be determined at trial;

5.      Award Allstate the costs and expenses, including reasonable attorneys' fees, Allstate incurs as a result of Gandara' breach of the Agreement;

6.      Award Allstate the costs and expenses, including reasonable attorneys' fees, Allstate incurs as a result of Gandara's violation of the Texas Trade Secrets Act and Federal Defend Trade Secrets Act; and

7.      Award Allstate such other relief as the Court may deem just and proper.


Dated:  March 6, 2023                         Respectfully submitted,
                                              /s/      Oscar A. Lara

                                              OSCAR A. LARA
                                              **Rincon Law Group**

1014 N. Mesa, Suite 200
El Paso, TX 79902
Telephone: 915.532.6800
Fax: 915.532.6808
Email: olara@rinconlawgroup.com

J. SCOTT HUMPHREY (IL 6239169)
(*pro hac pending*)
KATIE M. BURNETT (IL 6326652)
(*pro hac pending*)
**Benesch, Friedlander, Coplan & Aronoff LLP**
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606-4637
Telephone:  312.212.4949
Facsimile:  312.767.9192
Email:  shumphrey@beneschlaw.com
kburnett@beneschlaw.com

*Attorneys for Plaintiff Allstate Insurance Company*

## **VERIFICATION**

Pursuant to 28 U.S.C. § 1746, I, Teresa Franco, on behalf of Plaintiff Allstate Insurance

Company, verify under penalty of perjury that the foregoing statements in Allstate Insurance

Company's Verified Amended Complaint are true and correct to the best of my knowledge,

information and belief.

_____

Teresa Franco

Dated:  February 28, 2023

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this 6th day of March, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and served the same on the following:

> Jennifer Gandara
> 1501 John Macguire Place
> El Paso, TX 79912
> STXHTP10@gmail.com

*/s/      Oscar A. Lara*

*One of the Attorneys for Plaintiff Allstate Insurance Company*
